TIFFANY COUNCIL                          *        IN THE
Individually, and As Parent to and
Next Friend of                           *
KIRKLAND SMITH, Minor Child
                                         *        CIRCUIT COURT

                                         *        OF
        Plaintiff,
                                         *        MARYLAND
v.
                                         *        FOR

BALTIMORE COUNTY PUBLIC                  *        BALTIMORE COUNTY, MD
SCHOOL SYSTEM, BOARD OF
EDUCATION                                *
6901 N. Charles Street
Towson, Maryland 21202                   *

SERVE ON:                                *
Resident Agent
Margaret-Anne F. Howie, Esq.             *
6901 N. Charles Street
Towson, Maryland 21202                   *

And                                      *

MAIDENS CHOICE SCHOOL                    *
4901 Shelbourne Road
Baltimore, Maryland 21227                *

SERVE ON:                                *
Resident Agent
Margaret-Anne F. Howie, Esq.             *
6901 N. Charles Street
Towson, Maryland 21202                   *

And                                      *

KATHRYN WEISS, Principal                 *
4901 Shelbourne Road
Baltimore, Maryland 21227                *

SERVE ON:                                *
Resident Agent
Margaret-Anne F. Howie, Esq.             *
6901 N. Charles Street
Towson, Maryland 21202                   *

XENIA MURCHISON                                          *
4901 Shelbourne Road
Baltimore, Maryland 21227                                *

SERVE ON:                                               *
Resident Agent
Margaret-Anne F. Howie, Esq.                            *
6901 N. Charles Street
Towson, Maryland 21202                                  *

                                                        *

          Defendant(s).

                                          CASE NO.:   C-03-CV-26-000145

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tiffany Council, as Parent and Next Friend of, Kirkland Smith ("Plaintiff" hereinafter), by and through his attorneys, Brandon Wolven, Esq. Thomas Snyder, Esq., and Wolven Law LLC, hereby sues Defendants, Baltimore County Public School System- Board of Education, Maidens Choice School, Kathyrn Wess, School Principle, Xenia Murchison, Teacher, ("Defendant(s)" individually and collectively hereinafter), and for reasons states that:

### STATEMENT OF PARTIES

1) The Plaintiff, Tiffany Council, individually and as the parent of Plaintiff, Kirkland Smith, a Minor Child, non-verbal autistic, special needs student attending the Maiden's Choice School located in Catonsville, Maryland, resides in Baltimore County, Maryland.

2) Kirkland William-Gregory Smith, Plaintiff, was born on December 11th, 2012, same day as his twin sister, Kiantae Blessing Smith.Kirkland was born with a severe diagnosis of non-verbal autism and other cognitive deficiencies effecting his ability to communicate, process, mature, learn, and overall develop. However, Kirkland's disabilities, although severe, did not define the Minor Child. Kirkland is known as a joyous, happy, and silly young child. Kirkland enjoys spending time with his siblings, mother, grand mother and, even, his classmates and teachers. Kirkland is an avid fan of Mickey Mouse and

considers himself a member of the Mickey Mouse Club. Kirkland enjoys playing outside, with his toys, and siblings.

3) Kirkland was admitted to the Maiden's Choice School as a result of his severe cognitive disability as well as pursuant to his Independent Medical Plan as determined by Baltimore County Public School System and providers alike.

4) The Defendant, Baltimore County Board of Education ("Defendant Board of Ed" hereinafter), is the governing body for the Baltimore County Public School System ("BCPS"). At all times relevant herein, particularly over the two month period in the Fall 2024 in question, the Defendant Board of Ed was responsible for Defendant Maiden's Choice School and their employees, agents and/or representatives.

5) The Defendant, Maiden's Choice School ("Defendant School" hereinafter), is a separate day school within the purview of the Baltimore County Public School System, located at 4901 Shelbourne Road, Baltimore, Maryland 21227. The Defendant School specializes in providing an education and care for students between the ages of 3 and 21 with significant cognitive disabilities. At all times relevant herein, particularly during the two month period in the Fall of 2024, in question, the Defendant School was the employer to the individual teachers, staff, and other agents and representatives for the school, particularly, Defendant Xenia Murchison.

6) The Defendant, Kathryn Wess, Principal of the Maiden's Choice School, ("Defendant Principal" hereinafter) is employed by Defendant Board of Ed and Defendant School, where she acted within her capacity as the Head Principal of the School in question, as an employee, agent and/or representative of both Defendant Board of Ed as well as Defendant School.

7) The Defendant, Xenia Murchison, Teacher ("Defendant Teacher"), is employed by Defendant Board of Ed and Defendant School, where she acted within her capacity as the Head Principal of the School in question, as an employee, agent and/or representative of both Defendant Board of Ed as well as Defendant School.

## STATEMENT OF JURISDICTION

8) Venue is proper in Baltimore County, Maryland as the incident occurred in Baltimore County, Maryland at the property known as the Maiden's Choice School located at 4901 Shelbourne Road, Baltimore, Maryland 21227.

**EXHIBIT A**

9) Moreover, the Defendant, Board of Ed and Defendant School, both have their primary places of business in Baltimore County, Maryland at the property known as the Maiden's Choice School located at 4901 Shelbourne Road, Baltimore, Maryland 21227.

## STATEMENT OF FACTS

10) That on September 24th, 2024, the Plaintiff, Kirkland Smith, minor child, and non-verbal autistic student at the Maiden's Choice School, was in the exclusive control, care and custody of the Maiden's Choice School for the purposes of receiving an education.

11) However, unbeknownst to the Plaintiff, Tiffany Council, as well as unbeknownst to the Plaintiff, Kirkland Smith, nor the Plaintiff's physicians, the Minor Child is said to have been orally provided each morning for a period of at least two (2) months melatonin (hormone adjuster that regulates and promotes sleep) at the beginning of each day by his teacher and her aides.

12) That on September 24th, 2024, the Plaintiff Tiffany Council, was informed by the administrative staff, particularly Defendant Principal, of Maiden's Choice School, the following information:

   a) the incident was under investigation;

   b) the teacher, Xenia Murchison was placed on administrative leave;

   c) the administrators could not share with the family who was responsible for administering melatonin to the Plaintiff;

   d) When asked how the staff found out that the incident occurred, it was reported to the family that "a staff member ("whistle blower" hereinafter) reported the incident";

   e) And, that "the whistle blower was very nervous and hesitant about coming forward."

   f) None the less, it was confirmed by the whistle blower that at that time the Plaintiff, Kirkland, was one of the students subjected to the drug.

   g) However, the school indicated that the Principal and Assistant Principal became suspicious of foul-play when the entire class (students) was found sleeping mid-day, daily, and consistently for a period of at least 6 weeks prior to the whistleblower.

   h) Despite the schools suspicions, no further action was taken by the school including, but not limited to, contacting the parents.

13) During the same time period and the months leading up, the Plaintiff had concerning personal conversations with the Defendant Teacher, whom on several occasions was promoting the use and administration of melatonin "specifically for aiding *non-verbal autism* behaviors".

14) Defendant Teacher, on more than one occasion, asked Plaintiff Tiffany Council if she had ever tried melatonin at home – whereby the Plaintiff responded she had not and that it was not a recommended treatment course provided by the child's physicians.

15) It was reported to the Defendant Teacher during those conversations, as well as contained with the school records, medical records and the student's IEP, that the Minor Child was already on a comprehensive medication regiment put in place by his pediatrician and that the Plaintiff did not want to any additional supplements, medicine or otherwise without the knowledge and consent of the doctors.

16) The Plaintiff, Tiffany Council, was under no suspicion that the Public School Teacher would apply her theories on melatonin unto her child without her knowledge, consent and/or consent of the child's physicians—but rather, the teacher was simply discussing obscure passages and/or articles she had read regarding the topic.

17) Based on information and belief, as presented directly to the Plaintiff by the School staff and administration, the Plaintiff Kirkland Smith was medically assaulted and battered by the unbeknownst drugging of melatonin.

18) As a direct result of the incident, the Plaintiff suffered significant cognitive and behavioral set-backs in his already existing treatment and condition.

19) The Plaintiff suffered severe blood loss through bloody noses, blood in his mouth, and frequent blood clotting requiring medical attention, and, has shown a lack of motor functioning, uncontrolled emotions, including anger and confusion, and has developed a form of insomnia unable to regulate his own sleep schedule.

20) Additionally, as a direct result of the incident, by providing the Minor Child melatonin during the school period, the Minor Child was intentionally and willfully deprived of a free education and was expressly discriminated against due to his non-verbal disability.

<u>COUNT I – ASSAULT AND BATTERY</u>
(Tiffany Council v. All Defendants)

21) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through 20 of this Complaint, and further alleges:

22) Defendant Teacher, employed by Defendant School and Defendant Board of Ed was acting within her capacity as an agent, employee, contractor, etc, and acted with the intention and capability to do bodily harm to the Plaintiff.

23) In particular, the Defendant Teacher's conduct was perpetrated with actual malice.

24) The Defendant's actions caused the Plaintiff to be assaulted and battered.

25) The Defendants' actions then lead to the Plaintiff being drugged and deprived of a free education without the consent and/or knowledge of himself, his parent, nor his physicians.

26) The Defendants' conduct constituted an intentional non-consensual touching of the Plaintiff and was undertaken deliberately and with actual malice.

27) As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his brain, mental distress, and monetary losses.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against each Defendant, jointly and severally, in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs.

<u>COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
(Tiffany Council v. All Defendants)

28) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through 27 of this Complaint, and further alleges:

29) Defendant Teacher, employed by Defendant School and Defendant Board of Ed was acting within her capacity as an agent, employee, contractor, etc, and acted with the intention and capability to do bodily harm to the Plaintiff.

30) In particular, the Defendant Teacher's conduct was perpetrated with actual malice.

31) The Defendants' actions were perpetrated in a public space in plain view of the public for the world to view.

32) The Defendants' actions were public, including the Plaintiff being drugged and sleeping through his classes.

**EXHIBIT A**

33) The Defendants' conduct was intentional, reckless, and a deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

34) The aforesaid conduct by the Defendant was extreme and outrageous and beyond the bounds of decency in society.

35) The conduct of the Defendant was malicious, willful and intentional.

36) As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his brain, humiliation and extreme mental and emotional distress, and monetary losses.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against All Defendants, jointly and severally, in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs.

## COUNT IV – NEGLIGENCE
### (Tiffany Council v. All Defendants)

37) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through of this Complaint, and further alleges:

38) Defendant Teacher, employed by Defendant School and Defendant Board of Ed was acting within her capacity as an agent, employee, contractor, etc, and acted negligently causing bodily harm to the Plaintiff.

39) In particular, the Plaintiff was an invitee onto the premises known as the Maiden's Choice School located at 4901 Shelbourne Road, Baltimore, Maryland 21227.

40) The Plaintiff was invited and admitted into the premises by each Defendant as a student at the specialty school as a result of his Independent Education Plan needs.

41) As the owner of the premises and the inviter onto the property, the Defendants owed a duty to their invitees to use reasonable and ordinary care to maintain the premises in a safe manner in order to ensure and protect against unreasonable harm to the invitees.

42) The Defendants breached their duty to the Plaintiff by failing to prevent substantial physical harm to the Plaintiff.

**EXHIBIT A**

43) The Defendants' actions then lead to the Plaintiff being drugged, battered, and deprived of a free education.

44) As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his brain, humiliation, mental distress, and monetary losses.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against All Defendants, jointly and severally, in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs.

## COUNT V – NEGLIGENT HIRING, RETENTION AND SUPERVISION
(Tiffany Council v. All Defendants)

45) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through 44 of this Complaint, and further alleges:

46) Defendant Teacher, employed by Defendant School and Defendant Board of Ed was acting within her capacity as an agent, employee, contractor, etc, and acted with the intention and capability to do bodily harm to the Plaintiff.

47) The Defendant Board of Ed and Defendant School were responsible for hiring, retaining, training and supervising the Defendant Teacher.

48) By the Defendants' own admissions, the Defendants noticed suspicious and concerning activity taking place in the Defendant Teacher's classroom.

49) Yet, rather than investigating and supervise the suspicious activity, the Defendant allowed the conduct to continue until a whistleblower came forth.

50) The Defendants' conduct constituted an intentional non-consensual touching of the Plaintiff and was undertaken deliberately and with actual malice.

51) As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his brain, humiliation, mental distress, and monetary losses.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against All Defendants in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs.

<u>COUNT VI – NEGLIGENCE PER SE</u>
(Tiffany Council v. All Defendants)

52) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through 51 of this Complaint, and further alleges Defendant violated Maryland State Department of Education and school district medication policies and COMAR regulations governing administration of medication to students.

53) These violations constitute negligence per se and directly resulted in Student's injuries.

54) The Defendants' conduct constituted an intentional non-consensual touching of the Plaintiff and was undertaken deliberately and with actual malice.

55) As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his brain, humiliation, mental distress, and monetary losses.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against All Defendants in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs.

<u>COUNT VII – VIOLATION OF CIVIL RIGHTS UNDER 42 USC SECT. 1983</u>
**(Deprivation of the Fourteenth Amendment Rights—Bodily Integrity, Parental Rights, and Rights to Free Education)**
(Tiffany Council v. All Defendants)

56) Plaintiff Tiffany Council adopts by reference the allegations contained in paragraphs 1 through 55 of this Complaint, and further alleges:

57) That at all relevant times, Defendant acted under color of state law as a public-school teacher employed by the Baltimore County Public School System.

Case 1:26-cv-01914-MJM Document 4 Filed 05/14/26 Page 10 of 11

58) The Fourteenth Amendment protects a child's constitutional right to bodily integrity, which includes freedom from unwanted medical treatment or ingestion of medication without consent, as well as freedom to receive a free and equal education without discrimination.

59) The Fourteenth Amendment also protects the parent's fundamental liberty interest in directing the medical care, upbringing, and decision-making of their child.

60) Defendant, acting under color of law, violated Student's clearly established constitutional right by administering melatonin—an exogenous substance intended to alter consciousness— without parental consent, medical authorization, or legal authority causing a direct deprivation of the child's free and equal education free from discrimination.

61) Defendant further violated Plaintiff's clearly established parental rights by usurping exclusive parental authority over medical decisions concerning the child.

62) Defendant's actions were intentional, reckless, and deliberately indifferent to Student's constitutional rights.

63) As a result of Defendant's unconstitutional conduct, Student and Plaintiff suffered damages, including physical harm, emotional distress, and financial losses.

64) Plaintiff seeks compensatory damages, punitive damages (to the extent permitted against this individual Defendant), and attorney's fees under 42 U.S.C. § 1988.

**WHEREFORE,** this suit is brought, and Plaintiff Tiffany Council demands judgement against All Defendants in the excess sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in compensatory damages, punitive damages plus interest and costs

### *ELECTION FOR JURY TRIAL*

The Plaintiff elects to have the above-entitled matter tried before a jury.

Respectfully Submitted,

__/s/ *Brandon T. Wolven, Esq.*____
Brandon T. Wolven, Esq. (1606210291)
brandon@wolvenlegal.com
Thomas A. Snyder, Esq. (CPF)

**EXHIBIT A**

Thomas.snyder.law@gmail.com
A. Donald. C. Discepolo, Esq. (CPF)
dcd@freemanlaw.us
John Kominski, Esq. (CPF)
jkjrlaw@comcast.net

443-472-1753

WOLVEN LAW
802 Ingleside Avenue
Baltimore, Maryland 21228 *Attorneys
for Plaintiff Tiffany Council*